UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT STEVEN NICKLAY,

               Plaintiff,               Case No. 1:08-cv-211

v.                                                  Honorable Gordon J. Quist

EATON COUNTY CIRCUIT COURT,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

This purports to be a civil rights action brought *pro se* by Robert Nicklay against the Eaton County Circuit Court. The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). In applying

these standards, the court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that Plaintiff's complaint must be dismissed because Defendant clearly is immune from suit.

## Discussion

Plaintiff alleges that a personal protection order (PPO) was entered against him in the Eaton County Circuit Court on August 6, 2007. Plaintiff received service of the order while he was incarcerated in the Eaton County Jail. On August 10, 2007, Petitioner was arrested at a rehabilitation center for allegedly violating the PPO. Petitioner pleaded guilty to violating the PPO on December 20, 2007, and was sentenced to incarceration of ninety-three days in the county jail. Plaintiff raises several claims concerning the validity of the PPO and resulting conviction. For relief, Plaintiff asks this Court to "censure" the trial court for violating his federal rights, award him an unspecified amount of compensatory and punitive damages and to "afford him access to the court without fear of the Judge's illegal wrath." (Compl., at 9, docket #1.)

The Eaton County Circuit Court is immune from suit under Eleventh Amendment principles. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988). The circuit courts of the State of Michigan are clearly arms of the state

and, thus immune from suit. Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1; *see Smith v. Oakland County Circuit Court*, 344 F. Supp.2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986). The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eaton County Circuit Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

Furthermore, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an

attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges his conviction for the PPO violation, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations appear to call into question the validity of his conviction for violating the PPO. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

**Recommended Disposition**

Defendant clearly is immune from Plaintiff's damage suit in the federal courts. I therefore recommend that plaintiff's complaint be dismissed with prejudice on grounds of immunity pursuant to 28 U.S.C. § 1915(e)(2). I further recommend that leave to appeal *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(a)(3).

Dated: May 8, 2008 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).