UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STEVEN NICKLAY,

    Plaintiff,

v.

EATON COUNTY CIRCUIT COURT,

    Defendant.
    _____/

Case No. 1:08-CV-211

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Robert Nicklay, filed suit against Defendant, Eaton County Circuit Court, under 42 U.S.C. § 1983 alleging violations of federal law. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the magistrate judge issued a report and recommendation suggesting that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. The report and recommendation was served on May 8, 2008, and Plaintiff has filed objections. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. Because the objections are without merit, the Court will adopt the report and recommendation and dismiss Plaintiff's complaint.

The subject matter of Plaintiff's complaint revolves around a personal protection order (PPO) that was allegedly entered against him in Eaton County Circuit Court on August 6, 2007. On December 20, 2007, Petitioner pleaded guilty to violating the PPO and was sentenced to ninety-three days incarceration. In his complaint, Plaintiff appears to make arguments concerning the validity

of the PPO, his resulting conviction, and the effect of the PPO in preventing him from exercising future rights. The magistrate recommended dismissing Plaintiff's claim because the Eaton County Circuit Court is not a "person" within the meaning of the statute and because Eaton County Circuit Court is immune for suit under the Eleventh Amendment. Furthermore, the magistrate recommended that to the extent Plaintiff challenges his conviction for violating the PPO, his claim should be brought in a petition for habeas corpus. Finally, the magistrate noted that if Plaintiff is seeking relief for constitutional violations stemming from his conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff does not object to any of the aforementioned conclusions. Rather, Plaintiff argues that he filed a motion to amend his complaint to add Judge Calvin E. Osterhaven, Circuit Judge for the 56th Judicial Circuit of Michigan. On April 9, 2008, Plaintiff, asserting claims against Judge Osterhaven, filed a Motion to Amend Interrogatories. In the motion, Plaintiff complains of Judge Osterhaven's actions in issuing and enforcing the PPO and he seeks compensatory and punitive damages. The Court will treat this as a motion to amend the complaint. However, the Court may deny the motion to amend if amendment would be futile. *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008). Accordingly, it is necessary to assess whether Plaintiff's claims against Judge Osterhaven fail to state a claim upon which relief can be granted. Because Plaintiff's claims against Judge Osterhaven fail for many of the same reasons that his claims against Eaton County Circuit Court fail, the Court will deny Plaintiff's motion to amend his complaint.

Judicial officers generally enjoy absolute immunity from civil suits for monetary damages. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). However, a judge is not immune for acts not taken in a judicial capacity and for actions taken in the complete absence of all jurisdiction. *Id.* at

2

945. In the present case, Judge Osterhaven's actions in issuing and enforcing the PPO were judicial acts. Moreover, they were not taken in the complete absence of all jurisdiction. Plaintiff's bare allegations to the contrary are not sufficient to overcome Judge Osterhaven's judicial immunity.

Additionally, to the extent Plaintiff seeks injunctive relief, it is barred for the same reason the magistrate noted in his report and recommendation: *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that plaintiffs cannot make a cognizable claim under § 1983 for an alleged unlawful conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff shows that the conviction has been reversed, expunged by executive order, or declared invalid. *Id.* at 486. Plaintiff alleges various constitutional and statutory errors Judge Osterhaven committed in issuing and enforcing the PPO. To grant Plaintiff the relief he seeks, the Court would have to declare that the PPO was unlawfully issued and enforced. Because this would "necessarily imply the invalidity of his conviction" for violating the PPO, his claim is barred. *Id.* at 487.

Finally, Plaintiff claims that the PPO violates his rights because it prevents him from pursuing legal remedies against the subject of the PPO. Plaintiff alleges that because of the PPO, Judge Osterhaven will incarcerate him should he file a civil claim or complaint to the police department to "exercise his rights as a victim of crime." This claim would not be barred by *Heck* because Plaintiff can argue that the PPO impermissibly prohibits constitutionally protected activity while still maintaining that his conviction (for conduct not allegedly protected) was lawful. However, this claim is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine concerns "the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of

authority." *Exxon Mobil Co. v. Saudi Basic Indus. Co.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 1526 (2005). Because many lower courts were expanding the *Rooker-Feldman* doctrine beyond its original parameters, the Supreme Court in *Exxon Mobil* clarified the doctrine's limited applicability. The Court held that *Rooker-Feldman* does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293, 125 S.Ct. at 1527. Rather, the doctrine only applies when a party tries to attack the state court judgment or complains of injury caused by the state court judgment. The Sixth Circuit has offered the following analysis:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

In arguing that the PPO impedes his right of access to the courts and his right to register complaints with law enforcement authorities, Plaintiff is alleging the PPO as the source of his federal injury. Because the PPO is a state court order, *Rooker-Feldman* would prevent this Court from exercising jurisdiction to hear Plaintiff's claim and alleged injury. Therefore, Plaintiff's claims against Judge Osterhaven are barred by judicial immunity (damages), *Heck v. Humphrey* (claims concerning the validity of the PPO under which he was convicted), and *Rooker-Feldman* (claims concerning present or future injury resulting from the state-issued PPO). Because Plaintiff cannot state a claim upon which relief can be granted against Judge Osterhaven, the Court will deny Plaintiff's Motion to Amend as futile. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 24) is **APPROVED AND ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (docket no. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**This case is concluded.**


Dated: May 20, 2008 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE